UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY THOMAS | No. 03 CR 902<br><br>Hon. Rebecca R. Pallmeyer |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE RETROACTIVE APPLICATION OF THE FIRST STEP ACT

The United States of America, by and through its attorney, JOHN R. LAUSCH JR., United States Attorney for the Northern District of Illinois, respectfully submits this response to the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). As demonstrated below, Thomas is eligible for relief under the First Step Act.

### BACKGROUND

Defendant Terry Thomas is currently serving a 360-month sentence on his federal convictions for trafficking drugs in 1999. The defendant was charged in a second superseding indictment with conspiring to possess with intent to distribute in excess of five grams of crack cocaine and a detectable amount of heroin, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2 (Count One) and possession with intent to distribute a detectable amount of heroin and in excess of five grams of crack cocaine, in violation of Title 21, United States

1

Code, Section 841(a)(1) and Title 18, United States Code, Section 2 (Count Two).[1] PSR at 1-2. The government timely filed a 21 U.S.C. § 851 notice of enhanced penalty. As such, the statutory mandatory minimum sentence on each count was ten years and the statutory maximum sentence was life imprisonment.

Following a jury trial, the defendant was convicted on both counts and, on October 21, 2005, this Court sentenced the defendant to a term of 360 months' imprisonment. The Court determined that the defendant was a career offender pursuant to Guideline Section 4B1.1 which resulted in an adjusted offense level of 37, a criminal history category of VI, and an advisory range of 360 months to life imprisonment. After a trial, although the jury found the defendant guilty of distributing in excess of five grams of crack cocaine, the PSR found that Thomas was accountable for distributing in excess of 50 grams of cocaine base during the drug conspiracy. PSR at 6. However, likely because the defendant's guideline range was driven by his classification as a career offender, the sentencing record does not reflect an express finding as to the drug quantity that Thomas was accountable for.

On direct appeal, the defendant argued, among other things, that the Court misapplied the career offender guidelines. The Seventh Circuit affirmed this Court's conclusion that the defendant's offense level was 37 and, as such, received an advisory

---

[1] Count One of the second superseding indictment originally charged in excess of 50 grams of crack cocaine, but was later amended to in excess of five grams of crack cocaine. PSR at 2.

sentencing range of 360 months to life. R. 152; *United States v. Thomas*, 520 F.3d 729 (7th Cir. 2008),

On July 18, 2008, the defendant filed his first motion for reduction of a sentence pursuant to Title 18, United States Code, Section 3582(c)(2). R. 155. This Court denied the defendant's motion and the defendant appealed to the Seventh Circuit. R. 160 and 161. The Seventh Circuit affirmed the court's denial of defendant's motion because, "his applicable guidelines range was driven entirely by his career-offender status and not by the crack cocaine guidelines, Amendment 706 does not have the effect of lowering the appellant's applicable guideline range." R. 174. On August 5, 2011, the defendant filed his second motion for reduction of sentence and an amended motion on October 19, 2011. R. 187 and R. 189. On March 7, 2013, this Court denied the defendant's motion for a reduction of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). R. 200.

## ARGUMENT

### I. Thomas is eligible for relief under the First Step Act.

On August 3, 2010, Congress enacted the Fair Sentencing Act (FSA), which reduced the disparity in the treatment of crack cocaine and powder cocaine offenses. *See* Fair Sentencing Act, Publ. L. No. 111-220, 124 Stat. 2372 (2010). Under the FSA, statutory penalties for drug offenses involving crack cocaine were reduced by increasing the quantity of crack cocaine necessary for increased statutory minimums and maximums. On December 21, 2018, the President signed the First Step Act into law. Section 404 of the First Step Act of 2018 makes retroactive the portions of the

3

FSA that lowered the threshold quantities triggering different statutory penalties for certain offenses involving crack cocaine.[2]

The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010," and provides that, in such cases, a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

---

[2] That Section reads as follows:

Sec. 404. Application of Fair Sentencing Act

(a) Definition of Covered Offense – In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372), that was committed before August 3, 2010.

(b) Defendants Previously Sentenced – A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372), were in effect at the time the covered offense was committed.

(c) Limitations – No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of the Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(c) makes clear that any sentence reduction is discretionary, stating, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." A straightforward reading of § 404 calls for the court to make two sequential determinations: first, whether it may impose a reduced sentence, and second, if so, what sentence would have been appropriate had the Fair Sentencing Act been in effect at the time the defendant committed his crime.

Section 404(b) authorizes a sentence reduction only if the court previously imposed a sentence for a "covered offense."  It has been and continues to be the government's contention that the use of and definition of "covered offense" grounds the eligibility inquiry into the actual conduct involved in the defendant's violation rather than the statute under which the defendant was convicted.  However, because in this case the record does not reflect an express judicial finding as to the drug quantity, the government has limited its analysis to the amount of crack cocaine charged in the amended second superseding indictment or in excess of fives grams of crack cocaine.  As such, the government contends that defendant is eligible for relief.

The second inquiry for the Court is what sentence would have been appropriate had the Fair Sentencing Act been in effect at the time the defendant committed his crime.  Section 2 of the Fair Sentencing Act changed the triggering amount for a five-

5

year mandatory minimum sentence from five grams to 28 grams of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Thus, if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed, the defendant would not have been subject to a five-year mandatory minimum sentence for the possession of in excess of five grams of cocaine base. Instead, the defendant would have been subject to the penalties found in 21 U.S.C. § 841(b)(1)(C) for which there is no mandatory minimum sentence.

The defendant, however, would still face enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(C), which raises his statutory maximum from 20 year to 30 years' imprisonment. The defendant concedes that the First Step Act did not make retroactive any changes to enhanced penalties. Def. Br. at 12.

In addition, nothing with respect to the defendant's status as a career offender changes with the First Step Act and defendant concedes that the defendant was properly classified as a career offender at the time he was sentenced. Def. Br. at 4. However, because the defendant's statutory maximum would change pursuant to the retroactive application of Sections 2 and 3 of the FSA, from life imprisonment (5-year mandatory minimum enhanced pursuant to a §851 notice) to 30 years' imprisonment (no mandatory minimum sentence, but the statutory maximum is raised pursuant to an §851 notice), the defendant's guideline range would also be altered. Specifically, Guideline § 4B1.1, dictates the defendant's offense level would be 34 (offense statutory maximum of 25 years or more) as opposed to 37 (offense statutory maximum of life). An offense level 34 combined with a criminal history category VI, yields a

6

guideline range of 262 to 327 months' imprisonment. Previously, at the time of the defendant's sentencing, the defendant's guideline range was 360 months to life imprisonment (offense level of 37 and a criminal history category IV).

## II. 18 U.S.C. § 3553(a) Factors.

The government respectfully requests that the Court consider a term of imprisonment within the revised Guideline range of 262 to 327 months' imprisonment. In aggravation, the defendant was properly considered a career offender because of his long list of criminal convictions for controlled substance offenses as well as a prior gun offense. In mitigation, the defendant had a severely traumatic household, suffered abuse at the hands of his father, witnessed his father abuse his mother, and lived through his mother killing his father in retaliation for this abuse.

## CONCLUSION

The First Step Act applies to the defendant's sentence because his statutory maximum and thus his offense level per career offender guidelines is altered. As such, the government agrees that defendant's motion for a reduction of sentence should be granted and contends that a term of imprisonment within the revised guideline range is appropriate.

Respectfully submitted,
JOHN R. LAUSCH JR.
United States Attorney
By: /s/ *Katie M. Durick*
KATIE M. DURICK
Assistant United States Attorney
219 South Dearborn Street, 5th Floor

7